# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **REVIVE HEALTHCARE GROUP** § | | |
| *Plaintiff* § | | |
| § | **CIVIL ACTION** | |
| § | | |
| v. § | | |
| § | **Case No. 4:25-cv-02514** | |
| § | | |
| **NEW ERA INDUSTRIES, INC.** § | | |
| *Defendant* § | | |
| § | | |
| § | | |
| **SILVER OAKS HOLDINGS, LLC** § | | |
| *Third Party Defendant* § | | |

### DEFENDANT'S THIRD-PARTY COMPLAINT AGAINST SILVER OAKS HOLDINGS, LLC

Defendant New Era Industries, Inc. ("Defendant" or "Third-Party Plaintiff"), pursuant to Federal Rule of Civil Procedure 14(a), files this Third-Party Complaint against Silver Oaks Holdings, LLC ("Third-Party Defendant") and alleges as follows:

## I. NATURE OF THE ACTION

1. Plaintiff Revive alleges that Defendant New Era breached a contract relating to supply and delivery of IV solution and seeks damages.

2. Defendant New Era denies Plaintiff Revive's allegations and denies that Plaintiff is entitled to any recovery.

3. Nevertheless, **if—and only if—Defendant is found liable to Plaintiff**, such liability would arise in whole or in part from the acts, omissions, negligence, or contractual breaches of Third-Party Defendant Silver Oaks Holdings, LLC.

4. Defendant New Era therefore brings this Third-Party Complaint seeking indemnity, contribution, subrogation, and proportionate responsibility from Third-Party Defendant

Silver Oaks Holdings, LLC for any damages that Plaintiff Revive may recover from Defendant New Era.

## II. PARTIES

5. Third-Party Plaintiff New Era Industries, Inc. is a corporation organized under the laws of Wyoming with its principal place of business in Wyoming.

6. Upon information and belief, Third-Party Defendant Silver Oaks Holdings, LLC is a limited liability corporation organized under the laws of Arizona with its principal place of business at 1515 N Gilbert Rd Unit 107 in Gilbert, Arizona 85234.

7. At all relevant times, Third-Party Defendant was responsible for ordering IV solution from New Era and designating the place of delivery for the order.

## III. JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1332.

9. This Court has supplemental jurisdiction over the claims asserted in this Third-Party Complaint pursuant to 28 U.S.C. §1367 because they arise out of the same case or controversy.

10. Personal jurisdiction exists over Third-Party Defendant because it transacts business in Texas and the events giving rise to these claims occurred in this District.

11. Venue is proper in this District pursuant to 28 U.S.C. §1391.

## IV. FACTUAL ALLEGATIONS

12. Plaintiff alleges that Defendant breached a contract relating to an order for IV solution that was never delivered and a promised refund that was not honored.
13. Defendant denies those allegations.

14. At all relevant times, Third-Party Defendant owed duties arising from contract with New Era related to healthcare supplies.
15. To the extent Plaintiff sustained damages—which Defendant denies—such damages were caused in whole or in part by the acts, omissions, negligence, or contractual breaches of Third-Party Defendant.

16. Under applicable law and/or contract, Third-Party Defendant is responsible for indemnifying, reimbursing, or otherwise contributing to Defendant for any liability arising from those acts or omissions.

## V. CLAIMS FOR RELIEF

### A. COUNT I: CONTRACTUAL AND/OR COMMON LAW INDEMNITY

18. Defendant incorporates paragraphs 1–17.

19. To the extent Defendant is held liable to Plaintiff—which Defendant denies—such liability would arise from the conduct of Third-Party Defendant.

20. Under applicable contract provisions and/or Texas law, Third-Party Defendant is obligated to indemnify Defendant for any damages, costs, or liabilities arising from Third-Party Defendant's conduct.

21. Defendant therefore seeks judgment requiring Third-Party Defendant to fully indemnify Defendant for any recovery obtained by Plaintiff in this action.

### B. COUNT II: CONTRIBUTION

22. Defendant incorporates paragraphs 1–21.

23. If Defendant and Third-Party Defendant are found jointly liable to Plaintiff, Defendant is entitled to contribution from Third-Party Defendant under applicable law.

### C. COUNT III: SUBROGATION

24. Defendant incorporates paragraphs 1–23.

25. To the extent Defendant pays any sums to Plaintiff attributable to the conduct of Third-Party Defendant, Defendant is entitled to equitable and/or contractual subrogation against Third-Party Defendant.

### D. COUNT IV. PROPORTIONATE RESPONSIBILITY (TEX. CIV. PRAC. & REM. CODE CHAPTER 33)

26. Defendant incorporates paragraphs 1–25.

27. Under Chapter 33 of the Texas Civil Practice and Remedies Code, a defendant is liable only for the percentage of damages corresponding to its percentage of responsibility.

28. Third-Party Defendant's conduct constitutes a producing and/or proximate cause of Plaintiff's alleged damages, if any.

29. Defendant therefore seeks submission of Third-Party Defendant in the jury charge for purposes of determining proportionate responsibility under Chapter 33.

## VI. PRAYER FOR RELIEF

WHEREFORE, Defendant and Third-Party Plaintiff New Era respectfully requests that the Court enter judgment in its favor and against Third-Party Defendant Silver Oaks, and grant the following relief:

a. Judgment requiring Third-Party Defendant to indemnify Defendant for any damages awarded to Plaintiff;
b. Judgment awarding Defendant contribution from Third-Party Defendant for its proportionate share of responsibility;
c. Judgment awarding Defendant subrogation for any sums Defendant is required to pay Plaintiff;
d. A determination and allocation of proportionate responsibility pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code;
e. Recovery of costs, attorneys' fees where permitted by law or contract, and pre- and post-judgment interest; and
f. Such other and further relief to which Defendant may be justly entitled.

## VII. JURY DEMAND

Defendant and Third-Party Plaintiff demands trial by jury on all issues so triable.

## VIII. RESERVATION OF RIGHTS

Third-Party Plaintiff reserves the right to amend or supplement this Third-Party Complaint as discovery proceeds and additional facts become known.

March 9, 2026                                        Respectfully submitted,

                                                      /s/ Karla J. Aghedo
                                                     Karla J. Aghedo
                                                     The Aghedo Firm PLLC
                                                     405 Main Street, Suite 707
                                                     Houston, TX 77020
                                                     (903) 521-4837 (telephone)
                                                     aghedolaw@gmail.com
                                                     State Bar No. 24074359

                                                     *Counsel for Defendant New Era*

## CERTIFICATE OF SERVICE

Defendant New Era Industries, Inc., by and through undersigned counsel, hereby certifies that on March 9, 2026, the foregoing **DEFENDANT NEW ERA INDUSTRIES, INC.'S THIRD PARTY COMPLAINT AGAINST SILVER OAKS HOLDINGS, LLC** were emailed to counsel of record for Plaintiff Revive who have appeared in the case.

        _/s/ Karla J. Aghedo_____
        Karla J. Aghedo
        The Aghedo Firm PLLC
        405 Main Street, Suite 707
        Houston, TX 77020
        (903) 521-4837 (telephone)
        aghedolaw@gmail.com
        State Bar No. 24074359

        *Counsel for Defendant New Era*